IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DAVIS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-08-1196 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| WARDEN USP ALLENWOOD, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

Presently before the Court is the Petition for writ of habeas corpus (Doc. 1-3) filed by Petitioner Michael Davis, an inmate presently confined at the Coleman #1 United States Penitentiary ("USP Coleman #1") in Coleman, Florida. For the reasons set forth below, this case will be transferred to the United States District Court for the Middle District of Florida.

## BACKGROUND

On May 23, 2008, Petitioner initiated this action by filing a *pro se* Petition for writ of habeas corpus (Doc. 1-3) in the United States District Court for the Middle District of Florida. The Petition named Warden Middlebrook, the warden of USP Coleman #1, as Respondent.

By Order dated June 18, 2008, the action was transferred to this Court pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). (*See* Doc. 1-7, Order of Transfer.) The Order of Transfer changed the Respondent to "Warden USP Allenwood." (*See id.*)

Petitioner formerly was an inmate at the Allenwood United States Penitentiary ("USP Allenwood") in White Deer, Pennsylvania. On March 8, 2007, he was transferred out of that facility. (*See* Doc. 7-2, Inmate Data printout, at 2 (showing admission to in-transit facility from USP Allenwood on 3/8/07).) The Petition challenges the guilty finding of a Discipline Hearing Officer at USP Allenwood based upon a February 16, 2007 Incident Report charging Petitioner with possession of a weapon. (*See* Doc. 1-4, Memorandum in Support of Petition for writ of habeas corpus, at 1-3, 8.) Petitioner was sanctioned with the loss of good conduct time, commissary, telephone, and visitation privileges. (*See id.* at 13.)

After the Petition was transferred to this Court, service of the Petition was directed by Order dated September 3, 2008. (Doc. 5.) On September 23, 2008, Respondents filed a Response in which they argue that the United States District Court for the Middle District of Florida is the proper venue for this action and thus, this Court should direct that this case be transferred back to that Court. (*See* Doc. 7-1 at 3.)

**DISCUSSION**

The governing statute provides that a district court may grant a writ of habeas corpus within its jurisdiction. 28 U.S.C. § 2241. A habeas petition is within a court's jurisdiction when the court has jurisdiction over the petitioner's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *Braden v.*

*30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")

Petitioner has been confined at USP Coleman #1 since April 8, 2008, and therefore, he was confined there at the time he originally filed his Petition on May 23, 2008 in the Middle District of Florida. (*See* Doc. 7-2, Inmate Data printout, at 2 (showing transfer to USP Coleman #1 on 4/8/08).) There is no suggestion that Petitioner's immediate custodian, Warden Middlebrook, is subject to jurisdiction in the Middle District of Pennsylvania. Therefore, even though Petitioner's challenges arise from a disciplinary incident that occurred while he was incarcerated in the Middle District of Pennsylvania, this Court does not have jurisdiction over the Petition. Accordingly, this Court will exercise its authority to transfer the Petition to the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 1406(a).[1]

An appropriate Order follows.


October 14, 2008                              s/ A. Richard Caputo
                                                         A. RICHARD CAPUTO
                                                        United States District Judge

---

[1] 28 U.S.C. 1406(a) reads as follows: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DAVIS, | : |
| Petitioner, | : CIVIL NO. 3:CV-08-1196 |
| v. | : (Judge Caputo) |
| WARDEN USP ALLENWOOD, | : |
| Respondent. | : |

## **ORDER**

**AND NOW, THIS 14th DAY OF OCTOBER, 2008, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Clerk of Court is directed to transfer the above-captioned action to the United States District Court for the Middle District of Florida.

2. The Clerk of Court is directed to mark this matter **CLOSED**.

                      s/ A. Richard Caputo
                      A. RICHARD CAPUTO
                      United States District Judge